Mrs. T. E. Stevens, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

T. E. Stevens, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 10185, 10186.   Promulgated January 25, 1928.

*F. W. McReynolds, Esq.*, for the petitioners.
*Maxwell E. McDowell, Esq.*, for the respondent.

OPINION.

LITTLETON : These proceedings were instituted on the theory that the locators, among whom were these petitioners, had title to the deposits contained in 150 acres of Jesse Lake, on March 1, 1913. The Commissioner having made no independent investigation and having no definite information in this regard, since his audit of the return was based upon a claim made therein and certain other information furnished him by the petitioner, and also acting upon the assumption that the petitioners had a valid title to the potash deposits through claims filed on this Government property prior to March 1, 1913, made the allowance for depletion hereinbefore mentioned. At the hearing, however, he amended his answer in each case so as affirmatively to allege the acquisition of the mining claims by petitioners subsequent to the basic date and that he had erred in allowing a depletion upon a March 1, 1913, value. It seems to

us reasonably clear from the evidence that only one claim, covering 20 acres, was located prior to March 1, 1913; that the other claims covering 130 acres were located on April 14, 1913; that all of these claims were filed under the wrong statute and patents to them were therefore refused by the Interior Department; that subsequently, on August 22, 1914, the petitioners and their colocators made new locations under and pursuant to the placer mining laws, covering the same descriptions as theretofore made under the Saline Act, which last-mentioned claims were thereafter approved by the Department of the Interior. It is apparent therefore that for the purpose of the claim for depletion, these petitioners acquired their interests in deposits in Jesse Lake subsequent to March 1, 1913, and that whatever allowance for depletion may be made to these petitioners must be upon the basis of cost. The cost to petitioners is shown by the evidence and admitted by the Commissioner to have been $2,000. While it is true that certain individuals were investigating and making tests and analyses to determine the extent and nature of the deposits of Jesse Lake, this investigation in and of itself did not give them such an interest in the deposits as would entitle them to a valuation for depletion purposes prior to the filing of valid locations under the mining laws. Others were at liberty to make analyses of the lake content and until proper claims to the deposits had been filed petitioners did not acquire possession or ownership of the potash deposits. The petitioner, T. E. Stevens, testified that claims upon this property were filed some time in 1912, but the record evidence of such filing shows that even the locations made under the Saline Act on which patents were denied were not filed until subsequent to March 1, 1913, with the exception of a tract of 20 acres. The evidence is not such as would enable the Board to determine the fair market value of 20 of the 200 acres comprising Jesse Lake. The value of $4,000 an acre claimed by the petitioners is predicated upon possession and ownership of the entire deposits and is arrived at upon the theory that an expenditure sufficient to construct and operate a plant of sufficient magnitude to extract and refine the deposit would be productive of sufficient proceeds to warrant such a value. It is manifest that upon this basis only 20 acres would not have a fair market value of $80,000 and we have no sufficient evidence from which we could determine what the fair market value of 20 acres would have been on March 1, 1913.

In view of the foregoing, an allowance for depletion for these petitioners should be computed upon the total cost of $1,000 to each of them.

Reviewed by the Board.

*Judgment will be entered on 15 days' notice, under Rule 50.*